THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 City of Beaufort, Respondent,
 
 
 

v.

 
 
 
 Quais L. Shuler, Appellant.
 
 
 

Appeal From Beaufort County
 J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-075
Submitted February 1, 2006 - Filed February 9, 2006    

AFFIRMED

 
 
 
 Eric J. Erickson, of Beaufort, for Appellant.
 William B. Harvey, III, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  Quais Shuler appeals his conviction for driving under the influence, arguing the trial court erred in (1) denying him the opportunity to have a character witness testify in his defense and (2) refusing to charge the jury on good character and reputation.  We affirm.
FACTS
Officers pulled Shuler at 2 a.m. after observing him speeding, swerving, and running through a red light.   Shuler admitted to the officers that he had consumed five drinks, but refused to take a blood alcohol test when it was offered.  The officers testified they gave Shuler three field sobriety tests and that he failed two of them.  Shuler was charged with driving under the influence.
At trial, Shuler testified he drank five beers during the day, and then went to a nightclub from 11 p.m. to 2 a.m.  Shuler denied drinking any alcohol while at the nightclub.  Shuler admitted to speeding and swerving, but denied running a red light.  
Shuler attempted to call a witness who would testify regarding Shulers good character and reputation for veracity.  The trial court declined to allow such testimony because the character witness would not be testifying that Shulers character was inconsistent with driving under the influence.  Shuler made no attempt to proffer the character witnesss testimony.  
While discussing jury instructions, Shuler submitted a request to charge the jury as follows:

 An accused, when charged with a crime, has the right of proving his general good character.  He may introduce evidence of his good character which is inconsistent with the crime charged against him.
 Evidence of the general good character of the accused is for the purpose of showing the improbability that the defendant would have committed the crime charged.  The good character of the accused is like all other evidence in the case and is entitled to such effect and weight as you, the jury, may determine.
 Good character evidence alone may create a reasonable doubt as to the commission of the crime charged.  Thus, under some circumstances, a person might be entitled to a verdict of not guilty when his good reputation is taken into consideration even though a verdict of guilty might be authorized without the evidence of good character.

The trial court refused this request to charge because, again, the character witness was purportedly going to testify about Shulers propensity for truthfulness rather than a character trait of Shuler that was inconsistent with driving under the influence.  
The jury found Shuler guilty of driving under the influence.  This appeal followed. 
STANDARD OF REVIEW
A trial courts ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion or the commission of legal error that results in prejudice to the defendant.  State v. Adams, 354 S.C. 361, 377, 580 S.E.2d 785, 793 (Ct. App. 2003).
LAW/ANALYSIS
Shuler argues the trial court erred in refusing to allow his character witness to testify.  We find this argument is not preserved for appeal because Shuler failed to proffer his witnesss testimony.  State v. Simmons, 360 S.C. 33, 46, 599 S.E.2d 448, 454 (2004) (finding appellant failed to preserve argument regarding excluded witness because testimony of witness was not proffered).  
Moreover, this is not a situation where we can overlook the failure to proffer testimony because clear prejudice would result from the ruling.  See, e.g., State v. Myers, 301 S.C. 251, 258 n.1, 391 S.E.2d 551, 554 n.1 (1990) (reaching the merits of appellants argument regarding the trial courts failure to allow his blood spatters expert to testify despite the fact that no proffer of the testimony was offered because depriving the jury of expert testimony regarding the blood spatters clearly hampered its ability to evaluate the facts before it in this case.).  Pursuant to Rule 608 of the South Carolina Rules of Evidence:

 The credibility of a witness may be . . . supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) the evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.  

(Emphasis added.)
Nothing in the record indicates the city attacked Shulers character for truthfulness.  Thus, the trial court did not err in refusing to allow Shuler to present testimony regarding his reputation for veracity.  See also State v. Weaverling, 337 S.C. 460, 473, 523 S.E.2d 787 (Ct. App. 1999) (explaining that a defendant does not have an automatic right to introduce evidence of his character for truthfulness simply because he testifies in his defense).
Shuler next argues the trial court erred in refusing to charge the jury regarding his good character and reputation for truthfulness.  We disagree.
The law to be charged must be determined from the evidence presented at trial.  State v. Knoten, 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001).  Because no witness testified regarding Shulers good character and Shuler failed to proffer the testimony of his character witness, there is no evidence in the record to support such a charge.  Accordingly, we find no error in the trial courts refusal to include this charge in its jury instruction. 
AFFIRMED.
HEARN, C.J., and ANDERSON and KITTREDGE, JJ. concur.